UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Matthew Voog,                          :
          Plaintiff,                   :
                                       :
          v.                           :     File No. 1:11-cv-00094-jgm
                                       :
Andrew Pallito, John P.                :
Wesley, David Sontag,                  :
Erica Marthage, Christina              :
Rainville, Robert Plunket,             :
Michael Munson, Matthew                :
Harnett,                               :
          Defendants.                  :

OPINION AND ORDER
(Doc. 1)

     Plaintiff Matthew Voog, proceeding *pro se*, has filed a
petition to remove four separate matters from the state courts
under 28 U.S.C. § 1441.  Voog claims he has been denied various
federal rights and has "exhausted all administrative and
available state court remedies, or remedies have been rendered
unavailable by actions of the court and state."  (Doc. 1 at 1.)
Based upon Voog's statement of his claims, it appears he is the
plaintiff in each of the state court cases, and now seeks to
remove those cases and consolidate them in this Court.  As set
forth below, a plaintiff in a state court action may not remove a
case to federal court.  Voog's petition is therefore DENIED, and
this case is REMANDED to the state courts.

     The federal removal statute provides that "any civil action
brought in a State court of which the district courts of the
United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district . . . where such action is pending."  28 U.S.C. § 1441(a); see also 28 U.S.C. § 1443 (providing for removal of civil rights cases "by the defendant"); 28 U.S.C. § 1446(a) (providing procedure for removal by "defendants desiring to remove any civil action or criminal prosecution").  No part of the statute "provides for removal by a plaintiff."  Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643 (2d Cir. 1993), cert. denied, 510 U.S. 1130 (1994); see also Yonkers Racing Corp. v. City of Yonkers, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove."); Geiger v. Arctco Enters., Inc., 910 F. Supp. 130, 131 (S.D.N.Y. 1996) ("It is clear beyond peradventure of a doubt that the right of removal is vested exclusively in defendants.  A plaintiff simply may not remove an action from a state court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)").

Because removal by a state court plaintiff is not authorized by the federal removal statute, Voog's petition to remove (Doc. 1) is DENIED, this action is REMANDED to the state courts, and the case is CLOSED.

Dated at Brattleboro, in the District of Vermont, this 5th day of May, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge

2